UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACOB PAUL LIND,

       Plaintiff,

    v.

UNITED STATES OF AMERICA,

       Defendant.

CASE NO. C20-6184 RSM

ORDER DENYING UNITED STATES'
PARTIAL MOTION TO DISMISS

## I.    INTRODUCTION

Plaintiff Jacob Paul Lind's action relates to damages he suffered while receiving treatment for a broken ankle from the Department of Veteran Affairs (the "VA") at the Vancouver Washington Veteran's Medical Center. Dkt. #1 at ¶ 1. Defendant United States of America reads the Complaint as alleging both that he suffered (1) an injury in the course of treatment and (2) an injury from delay in the provision of further treatment. Dkt. #7 at 1–2. Defendant argues that Plaintiff's claims related to any delays in treatment fall outside of this Court's subject-matter jurisdiction and must be dismissed. Dkt. #7. Plaintiff opposes Defendant's motion and maintains that he complains not of a delay in treatment but in the failure of Defendant's medical professionals to timely diagnose his resulting injuries. Dkt. #13. Having considered the matter, the Court denies Defendant's facial challenge to the Complaint.

ORDER – 1

## II.    BACKGROUND

Plaintiff broke his ankle and sought treatment from the Vancouver Veteran Affairs Medical Center, "a health care facility that held themselves out to the Plaintiff[] . . . as a provider of high quality [sic] health care services, with the expertise necessary" to care for its patients. Dkt. #1 at ¶ 4.  Plaintiff's broken ankle required surgery, and, in the course of surgery, Plaintiff was administered anesthesia.  *Id.* at ¶¶ 10–14.  Either as a result of the administration of anesthesia or the surgery, Plaintiff was injured further on July 15, 2019.  *Id.* at ¶ 14.  Despite Plaintiff's complaints at the time of surgery and after, Defendant did not diagnose the cause of those complaints.  *Id.* at ¶ 16.  On August 22, 2019, Plaintiff was diagnosed by a third party with "complex regional pain syndrome" and "advised that a delay in treatment" could cause further injury.  *Id.* at ¶ 18.  Even so, Defendant delayed in diagnosing and treating Plaintiff's "complex regional pain syndrome," causing further damage.  *Id.* at ¶¶ 19–23.

## III.    DISCUSSION

### A.  Legal Standard

Federal courts have limited jurisdiction and may only entertain cases that they are authorized to hear by the Constitution or a statutory grant.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction.  *Id.*  Once it is determined that a federal court lacks jurisdiction, the court has no choice but to dismiss the claim.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways: (1) a "facial" attack that accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal

jurisdiction, or (2) a "factual" attack that contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings. *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 (9th Cir. 2014). When a party raises a facial attack, the court resolves the motion as it would a motion under Rule 12(b)(6), making all reasonable inferences in the plaintiff's favor and determining whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Id.* at 1122.

## B. The Court Finds Plaintiff's Complaint Sufficient

Defendant launches a facial attack on Plaintiff's Complaint, parsing the Complaint to identify injury in "two distinct situations: (1) complications from the administration of anesthesia during Plaintiff's ankle surgery on July 15, 2019; and (2) the alleged delays in treating Plaintiff's diagnosis of complex regional pain syndrome." Dkt. #7 at 1–2. On this basis, Defendant maintains that Plaintiff's claims related to any delay in the diagnosis of complex regional pain syndrome are outside of this Court's subject-matter jurisdiction because any such delays are "veterans benefits decisions . . . within the exclusive jurisdiction of the United States Court of Appeals for Veterans Claims." *Id.* at 2 (citing 38 U.S.C. § 511(a); *Tunac v. United States*, 897 F.3d 1197, 1205–06 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 817 (2019)).

Defendant is correct that Plaintiff's claims, to the extent they rely on a delay in being provided treatment, are precluded by the Veterans Judicial Review Act (the "VJRA"). *Id.* at 4 (citing 38 U.S.C. § 511(a)). That act, prohibits district courts from reviewing "all questions of law and fact necessary to a decision by the Secretary [of Veteran Affairs] under a law that affects the provision of benefits by the Secretary to veterans." *Id.* More specifically, Defendant points to binding precedent permitting claims to escape the VJRA and proceed under the Federal Tort Claims Act only "when a plaintiff brings an action against a VA health care employee . . . alleging injury from a negligent medical decision." *Id.* at 6 (quoting *Tunac*, 897 F.3d at 1205).

Still further, the Ninth Circuit has held that the VJRA "undoubtedly would deprive [it] of jurisdiction to consider an individual veteran's claim that the VA unreasonably delayed his mental health care." *Veterans for Common Sense v. Shiinseki*, 678 F.3d 1013, 1026 (9th Cir. 2012)); *see also Tunac*, 897 F.3d at 1206 (noting that claims "seek[ing] relief for the type of administrative negligence in scheduling appointments [] must be channeled through the VJRA").

But Plaintiff maintains that he is not alleging injury caused by a delay in being seen by Defendant's medical professionals and is instead alleging that Defendant's medical professionals failed to diagnose him properly in the first instance. Dkt. #13 at 2. Indeed, Plaintiff alleges that Defendant "fail[ed] to diagnose the condition when it was complained of on July 15, 2019." Dkt. #1 at ¶ 16. This gives rise to an inference that Plaintiff alerted medical professionals of symptoms supporting a diagnosis of complex regional pain syndrome on July 15, 2019. And Plaintiff further alleges that he "was not seen by the VA until October 22, 2019 to receive treatment for his complex regional pain syndrome." *Id.* at ¶ 21. This gives rise to an inference that Plaintiff was diagnosed with complex regional pain syndrome by Defendant and received treatment after July 15, 2019. While Defendant complains that the allegations are not adequate, the Court finds them adequate to support inferences[1] sufficient to defeat Defendant's facial challenge to the Complaint.

//

//

//

---

[1] The Court does not mean to imply that Plaintiff could not have stated his claims more completely. Plaintiff does not set forth any specific complaints on July 15, 2019 that would support a diagnosis of "complex regional pain syndrome," identify the medical professional(s) his complaints were directed to, or allege that such a diagnosis would fall within the standard of care for the medical professional(s). The Court finds only that the Complaint, as a whole, gives rise to sufficient inferences to defeat Defendant's facial challenge.

## IV.    CONCLUSION

Accordingly, and having considered the motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that the United States' Partial Motion to Dismiss (Dkt. #7) is DENIED.

Dated this 25th day of June, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE